UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

                Petitioner,

v.                                                    Case No. 23-cv-1119-bhl

CHRISTOPHER STEVENS, Warden,

                Respondent.

## SCREENING ORDER AND DISMISSAL OF PETITION

        On August 24, 2023, Petitioner Antonio Darnell Mays, a state prisoner currently incarcerated at Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On September 11, 2023, he paid the $5.00 filing fee.

        Rule 4 of the Rules Governing § 2254 Cases, require the Court to screen Mays's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

        Mays was convicted in June 2003 of armed robbery, use of force as party to a crime, in violation of Wis. Stat. §§ 943.32(2) and 939.05 (2001-02). (ECF No. 1 at 2.) According to his petition, Mays was sentenced to ten years of initial confinement followed by ten years extended supervision. (*Id.*) In June 2018, Mays's extended supervision was revoked[1] and he filed a *pro se*

---

[1] Mays is currently serving a forty-year sentence of initial confinement for felony murder, first-degree reckless homicide with a dangerous weapon as party to a crime, and two counts of being a felon in possession of a firearm for an incident that occurred in March 2018 in Milwaukee, Wisconsin. *See State v. Mays*, 975 N.W.2d 649 (Wis. Ct. App. 2022).

motion seeking sentence credit for the time he had spent on extended supervision. *State v. Mays*, 2022AP1101, 2023 WL 3065410, at *1 (Wis. Ct. App. Apr. 25, 2023). The circuit court denied the motion stating that postsentencing credit determinations are under the purview of Wisconsin's Department of Corrections. (*Id*.) Mays did not appeal that decision. (*Id*.)

On June 14, 2022, Mays filed another *pro se* motion for postconviction relief in the circuit court asking the court to award him credit toward his sentence for time spent on extended supervision ("street credit") and asserting his belief that his sentence was completed as of January 8, 2022. (ECF No. 1-1 at 4.) The circuit court reiterated that the court had no jurisdiction over the Department of Corrections calculation of the defendant's maximum release date. (*Id*.) The circuit court further instructed the petitioner that if the petitioner believed that the Department's calculation was erroneous and his confinement illegal, his remedy was civil in nature. (*Id*.) The Wisconsin Court of Appeals summarily affirmed the circuit court's order (*Id*. at 5-6) and the Wisconsin Supreme Court denied review. (*Id*. at 7.)

Mays asserts one ground for habeas relief. He contends that Wisconsin's Department of Corrections is holding him past his imposed sentenced. (ECF No. 1 at 6-7.) He asks this Court to overturn the circuit court's decision and tell the Department of Corrections to release him from an "unlawful incarcer[a]tion." (*Id*. at 7.) Mays further asserts his claim has been exhausted before the state courts. (*Id*. at 7.)

While it is unclear whether Mays has properly exhausted the state procedures available to redress his claims, exhaustion is not the primary problem with his petition. His petition fails because he is asking a federal court to address a state law issue. The federal habeas statute provides that a federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Section 2254 simply does not provide relief for violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The determination of sentencing credit for time spent in custody or on extended supervision is a matter of state law. *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) ("an error in the interpretation of … state sentencing rules[] does not present a cognizable claim for federal habeas relief."); *Weiss v. Bartow*, No. 17-C-874, 2018 WL 2208318, at *3 ( E.D. Wis. May 12, 2018 ) (noting that the petitioner's claim that he was owed sentence credit under Wis. Stat. § 973.155 would be a claim arising under state law and that the petitioner

"[was] not entitled to federal habeas relief for violations of state law"); *Anderson v. Benik*, No. 04-C-831-C, 2005 WL 1046492, at *1 (W.D. Wis. May 3, 2005) (noting the absence of a federal foundation for petitioner's claims because petitioner's claim was that Wisconsin's Department of Corrections violated state law in its determination of sentence credit). Because Mays's claim is strictly a matter of state law, it is not cognizable under Section 2254 and his petition must be dismissed.

Accordingly,

**IT IS HEREBY ODERED**, that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ODERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is direct to enter judgment accordingly.

The petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event the petitioner decides to appeal, he should ask the Court of Appeals to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on September 15, 2023.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge