UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

                Petitioner,

v.                                                                                       Case No. 23-cv-1119-bhl

CHRISTOPHER STEVENS,

                Respondent.

## ORDER ON MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE AND MOTION FOR RECONSIDERATION

        On September 15, 2023, this Court dismissed the petitioner's habeas petition and denied a certificate of appealability. (ECF No. 5.) On September 26, 2023, Mays filed his notice of appeal. (ECF No. 7.) After filing his notice of appeal, Mays filed a motion for leave to appeal without prepayment of the filing fee, accompanied (about a week later) by his prisoner trust fund account statement. (ECF Nos. 15 & 17.) Mays also filed a motion for reconsideration. (ECF No. 16.) Although Mays paid the $5.00 filing fee to initiate his case before this Court, the appellate fee is substantially higher, and Mays's prisoner trust fund account balance shows that he lacks sufficient funds to pay it. (ECF No. 17 at 1.) He, therefore, meets the indigency requirement to appeal *in forma pauperis*. That said, a petitioner cannot appeal *in forma pauperis* if the district court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). Thus, the question before the Court is whether Mays's appeal is taken "in good faith." While the Court did not issue Mays a certificate of appealability, an appeal can meet the good faith standard without also clearing the higher bar necessary to obtain a certificate. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* at 632. Mays does not meet even that more modest standard here.

        Mays is currently serving a forty-year sentence of initial confinement for felony murder, first-degree reckless homicide with a dangerous weapon as party to a crime, and two counts of being a felon in possession of a firearm for an incident that occurred in March 2018 in Milwaukee,

Wisconsin. *See State v. Mays*, 975 N.W.2d 649, 650, 652 (Wis. Ct. App. 2022). Mays contends that Wisconsin's Department of Corrections is holding him past the imposed sentence in a different criminal matter, Case No. 2002CF000271. (ECF No. 1 at 6-7.) In dismissing his petition, the Court determined that Mays's petition failed because he asked the federal court to address a state law issue and Section 2254 does not provide relief for violation of state law. *Estelle v. McGuire*, 502 U.S 62, 67 (1991). His motion for leave to appeal without prepayment of the filing fee does not identify any reason to suppose this ruling might be reversed on appeal. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013). In the absence of any such argument, the Court must conclude that his appeal is frivolous and therefore "not taken in good faith." The Court, therefore, denies the motion to appeal without prepayment of the filing fee.

Mays also filed a motion for reconsideration. (ECF No. 16.) Because the motion for reconsideration was filed after the petitioner filed his notice of appeal, this Court lacks jurisdiction to consider it. *See United States v. Turchen*, 187 F.3d 735, 743 (7th Cir. 1999) (filing notice of appeal confers jurisdiction on court of appeals and divests district court of jurisdiction to rule on aspects of case involved in appeal); *United States v. Rincon*, 477 F. App'x 391, 393 (7th Cir.2012) ("to the extent the motion sought merely reconsideration, the court was right that [petitioner's] filing of a notice of appeal divested it of jurisdiction"). The motion is therefore denied. *See* Fed. R. Civ. P. 62.1(a)(2). Mays should direct any future challenges to this Court's judgment to the Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that Mays's motion for leave to appeal without prepayment of the filing fee (ECF No. 15), is **DENIED**.

**IT IS FURTHER ORDERED** that Mays's motion for reconsideration (ECF No. 16), is **DENIED.**

Dated at Milwaukee, Wisconsin on October 19, 2023.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge